UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>STEVEN MERLAK, et al.,<br><br>　　　　Defendants. | 1:19-cv-01585-GSA-PC<br><br>ORDER DENYING MOTION FOR STAY OF PROCEEDINGS<br>(ECF No. 10.)<br><br>ORDER FOR PLAINTIFF TO FILE NOTICE OF CHANGE OF ADDRESS TO HIS ADDRESS OF RESIDENCE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO MAIL CHANGE-OF-ADDRESS FORM TO PLAINTIFF |

## I.　　BACKGROUND

Michael S. Ioane ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on November 6, 2019. (ECF No. 1.)

On February 14, 2020, Plaintiff filed a notice of transfer and motion for stay of the proceedings in this case. (ECF No. 10.) Pursuant to Local Rule 230(*l*), Plaintiff's motion is submitted upon the record without oral argument and shall not be noticed on the motion calendar.

## II.　　PLAINTIFF'S ADDRESS-OF-RECORD

Plaintiff notifies the court that he has been transferred from the Taft Prison Camp in Taft, California, to Transitional Housing in San Francisco, California, and he is due to be released

1

from custody on February 29, 2020. Plaintiff does not provide an address for the Transitional Housing in San Francisco. Plaintiff's address-of-record at the court, pursuant to Plaintiff's notice of change of address filed on November 8, 2019, is 1120 Commerce Avenue, No. 14 , Atwater, CA 95301. (ECF No. 8.)

In the event that Plaintiff intends to retain his status as a *pro se* litigant and continue representing himself, he is required maintain his address-of-record at the court as the address where he resides. There is no Federal Rule of Civil Procedure or Local Rule allowing service of court and other legal documents at an address other than a *pro se* litigant's actual address. Local Rules 131, 182(f), and 183(b) require *pro se* litigants to inform the court of their addresses and to keep the court informed of any change in their addresses. There is no authority for the proposition that a *pro se* litigant may simply request the court to serve him at a different address.

There may be special circumstances in which the court could serve a *pro se* litigant at a separate address. However, no such special circumstances are apparent here. Moreover, service at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff receives all court documents, meets court deadlines, and prepares and signs all of his own legal documentation as a party proceeding in *pro se*.

The Clerk of Court shall be directed to send Plaintiff a change-of-address form. Plaintiff is required to complete and return the form to the court **within 30 days**, notifying the court of his address of actual residence. Plaintiff is cautioned that *pro se* litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 182(f). Moreover, Plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

### III. MOTION FOR STAY

Plaintiff requests a stay of all proceedings in this case for thirty days because he expects to be released from custody on February 29, 2019, and he is currently separated from his legal files. Plaintiff also asserts that his mail is delayed because he is using a prior address and relies on others to forward his mail to him at his present address.

The Court does not lightly stay litigation due to the possibility of prejudice to defendants. There are currently no pending court deadlines in this action, and the Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A. A stay of the entire action is not Plaintiff's only remedy. If Plaintiff requires additional time to respond to any deadline that may arise in this action, he should file a motion for extension of time before the deadline expires. The court routinely grants extensions of time when good cause is shown. Based on the foregoing, Plaintiff's motion for stay of this action shall be denied.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for stay of the proceedings in this action, filed on February 14, 2020, is DENIED;
2. Plaintiff is required to use the address where he resides as his address-of-record at the court;
3. The Clerk of Court is DIRECTED to send Plaintiff a change-of-address form;
4. Within **thirty days** of the date of service of this order, Plaintiff is required to file a notice of change of address, notifying the court of his address of actual residence; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **February 18, 2020**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE