UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE,<br><br>                  Plaintiff,<br><br>       v.<br><br>STEVEN "MIKE" MERLAK, et al.,<br><br>                  Defendants. | No. 1:19-cv-01585-DAD-GSA (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 16) |

Plaintiff Michael S. Ioane is a former federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 14, 2020, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action be dismissed with prejudice because plaintiff fails to state a cognizable claim for relief under *Bivens*. (Doc. No. 16.) Because plaintiff's complaint only alleges federal claims under *Bivens*, the magistrate judge also recommended dismissal of plaintiff's state law claims because the court cannot exercise

1

supplemental jurisdiction over those state law claims if plaintiff fails to first state a cognizable claim for relief under federal law. (*Id.* at 14.) The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 15.) On October 28, 2020, plaintiff timely filed objections to the pending findings and recommendations. (Doc. No. 17.)

In his objections, plaintiff does not address the analysis set forth in the pending findings and recommendations or object to the magistrate judge's conclusion that plaintiff had failed to state a cognizable *Bivens* claim. (*Id.*) Indeed, plaintiff contends that his complaint seeks remedies under state tort law, and that despite the fact that he used the form complaint with the caption page stating *Bivens*, his "lawsuit ha[s] nothing to do with Bivens or civil rights claims." (*Id.*) In addition, plaintiff asserts that the magistrate judge lacked the authority under 28 U.S.C. § 1915A to screen his complaint because he "left the custody of the Bureau of Prisons on November 4, 2019," and thus he did not have "prisoner status" under § 1915A when he filed his complaint "on November 6, 2020." (*Id.* at 2.) Plaintiff's objection in this regard is well-taken. The Ninth Circuit has clarified that "28 U.S.C. § 1915A applies only to claims brought by individuals incarcerated at the time they file their complaints." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017) (reversing and remanding because it was undisputed that plaintiff was released from custody a month before he filed his complaint, and thus "the screening requirement of 28 U.S.C. § 1915A does not apply to his claims").

First, the undersigned notes that plaintiff filed his complaint in this action on November 6, 2019 (*see* Doc. No. 1), and it appears that plaintiff's reference to a filing date of November 6, 2020 in his objections is a typographical error. Second, plaintiff's complaint references the dates of May 2, 2020 and February 9, 2020 with respect to his release from custody and does not make clear that he was in fact released from custody on November 4, 2019—just days before his complaint initiating this action was filed. (Doc. No. 1 at 6, 22.) Third, plaintiff signed and dated his complaint on October 15, 2019, listed his address as Taft Correctional Institution in the signature block of his complaint, and provided his inmate number on the caption page of his complaint. (*See id* at 1, 4, 24.) Thus, unlike in *Olivas*, in which the court found that there was no

dispute that the plaintiff had been released from custody a month before he filed his complaint, here the record is not clear. For example, on November 6, 2019, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and checked the box "yes" as his answer to the question asking if he was currently incarcerated. (Doc. No. 2. at 1.) Based on that application, the court granted plaintiff *in forma pauperis* status to proceed in this case. (Doc. No. 4.) Plaintiff also filed several notices to inform the court of changes in his address of record, which stated that Taft Correctional Institution was his old address. (Doc. Nos. 7, 8, 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and by proper analysis but is hesitant to adopt them in light of plaintiff's assertion that he was not a prisoner at the time he filed his complaint. Given the lack of clarity regarding whether plaintiff was in fact incarcerated at the time he filed the complaint in this action and, out of an abundance of caution, the undersigned will decline to adopt the findings and recommendations on that basis.

However, because plaintiff's complaint alleges federal claims only under *Bivens*—which is plaintiff's only asserted basis for this court's subject matter jurisdiction—and plaintiff unequivocally states in his objections to the pending findings and recommendations that he is not asserting *Bivens* claims and that his lawsuit has nothing to do with *Bivens*, the undersigned has serious concerns regarding whether this court has subject matter jurisdiction over this action. Because plaintiff states in his objections that he seeks remedies only under California state tort law, plaintiff has not sufficiently alleged that this federal court has subject matter jurisdiction over this action based on the presence of a federal question.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). "Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the

3

constitution, laws, or treaties of the United States." *Ascarie v. Gavilan Coll.*, No. 16-cv-02493-BLF, 2017 WL 1436219, at *2 (N.D. Cal. Apr. 24, 2017). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

In addition, because the court granted plaintiff *in forma pauperis* status based on his assertion that he was then "currently incarcerated," and it appears that may not have been true, the court questions whether plaintiff is entitled to proceed in this case as a prisoner *in forma pauperis*, as opposed to a non-prisoner proceeding without prepayment of fees, for which plaintiff has not yet applied.

Accordingly,

1. The undersigned declines to adopt the finding and recommendations issued on October 14, 2020 (Doc. No. 16);
2. To the extent plaintiff wishes to proceed with this action in this federal court, plaintiff is directed to show cause within thirty (30) days from the date of service of this order:
    (1) why this case should not be dismissed for lack of subject matter jurisdiction; and
    (2) why plaintiff's "prisoner" *in forma pauperis* status should not be revoked pending his completion and the court's approval of a non-prisoner application to proceed in district court without prepaying fees or costs;
3. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to plaintiff;
4. Alternatively, if plaintiff determines that he cannot sufficiently allege that this federal court has subject matter jurisdiction over his claims—as appears to be the case—plaintiff shall file a notice of voluntary dismissal of this action with the court within thirty (30) days from the date of service of this order. Thereafter, if he wishes to do so, plaintiff may file a lawsuit in California state court and seek

4

state tort law remedies in that forum; and

5. Plaintiff is warned that failure to comply with this order may result in dismissal of this action.

IT IS SO ORDERED.

Dated: __**March 10, 2021**__  
　　　　　　　　　　　　　　　*/s/ Dale A. Drozd*  
UNITED STATES DISTRICT JUDGE